[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#139)
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any [issue of] material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the CT Page 14004 existence of such an issue . . . ." Miller v. United TechnologiesCorp., 233 Conn. 732, 744-45, 660 A.2d 810 (1995).
The following facts are not disputed by the parties. In April 1991 Shirley Boland hired attorney Christopher Pfirrman to represent her in a legal matter. At that time Pfirrman was associated with the defendant, Joseph McKeon, Jr. Also at that time Boland provided the defendant with a retainer in the amount of $5,000.00. In August 1991 Pfirrman left his employment with the defendant and began working for the plaintiff, Goldstein 
Peck, P.C. At that time Boland transferred her case from the defendant to the plaintiff.
The following facts are disputed by the parties. Boland, in her supporting affidavit, attests that she was told that the remaining balance of her retainer would go to the plaintiff and would be applied to legal services rendered by the plaintiff. (Boland affidavit, ¶ 6.) In opposing the motion for summary judgment the defendant attests that there was no written agreement whereby he guaranteed payment of Boland's legal fees to the plaintiff. (McKeon affidavit ¶¶ 6 and 7.) Attorney Pfirrman, in his supporting affidavit, attests that $2,377.75 of the $5,000.00 retainer was expended at the defendant's firm. (Pfirrman affidavit, ¶ 6.) The defendant, in opposition, attests that he performed legal services for Boland in addition to the services rendered by Pfirrman, and that the value of his services are not reflected in the $2,377.75 that was charged to Boland's retainer. (Defendant's affidavit, ¶ 6.) As of March 16, 1993, there was an unpaid balance for legal services rendered, in the amount of $2,622.25. (Boland affidavit ¶ 8.) Boland had an expectation that this balance would be paid out of the monies remaining in the retainer that was paid to the defendant. (Boland affidavit, ¶ 9.) To this date, the defendant has failed to turn over the balance of Boland's retainer, in the amount of $2,622.25, to the plaintiff. (Pfirrman affidavit, ¶¶ 9 and 10; affidavit of William Kupinse, ¶¶ 11-13.) In response, the defendant attests that there is no balance of $2,622.25 remaining in the Boland retainer at his law offices. (McKeon affidavit, ¶¶ 6.)
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). In the present case the factual discrepancies in the parties' affidavits raise genuine CT Page 14005 issues of material fact which must be resolved at trial.
Accordingly, the court denies the plaintiff's motion for summary judgment.
BALLEN, JUDGE